| | |
|---|---|
| Joshua A. Sussberg, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900 | Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200 |

*Counsel to the Post-Effective Date Debtors*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>          Post-Effective Date Debtors. | ) Chapter 11<br>)<br>) Case No. 22-10964 (MG)<br>)<br>) (Jointly Administered)<br>)<br>) Appeal<br>)<br>) Case No. 23-CV-10368 (LGS) |

**POST-EFFECTIVE DATE DEBTORS'**
**REPLY IN SUPPORT OF POST-EFFECTIVE DATE**
**DEBTORS' MOTION TO DISMISS AND RESPONSE BRIEF**
**TO JOHAN BRONGE'S APPEAL OF THE CONFIRMATION ORDER**

The above-captioned post-effective date debtors (prior to the Effective Date of the Plan,[2]

the "Debtors" and after the Effective Date, the "Post-Effective Date Debtors," as applicable) file

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450).  The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or the Motion (as defined herein), as applicable.

this reply (this "Reply") in support of the *Post-Effective Date Debtors' Motion to Dismiss and Response Brief to Johan Bronge's Appeal of the Confirmation Order* [Docket No. 18] (the "Motion") and in response to the *Appellant's Reply to Post-Effective Date Debtors' Motion to Dismiss and Response Brief to Johan Bronge's Appeal of the Confirmation Order* [Docket No. 20] (the "Bronge Reply"). In support of this Reply, the Post-Effective Date Debtors state the following.

**Reply**

1. In the Bronge Reply, Mr. Bronge argues that his opening brief in this Appeal [Docket No. 17] (the "Opening Brief") seeks relief "only in regard to [his] own assets." Bronge Reply, p. 2. To support this assertion, Mr. Bronge says that he is a *pro se* creditor whom the Bankruptcy Court has individually called out and that a successful Appeal "does not *necessarily* have to be applied to other creditors." *See Id.* (emphasis added).[3] This is incorrect, and the Appeal should be dismissed as equitably moot.

2. First, Mr. Bronge does not explain how his requests for relief directing the Post-Effective Date Debtors to (a) recalculate collateral and/or (b) subordinate all Earn Accounts "[would] not unravel intricate transactions so as to knock the props out from under the authorization for every transaction that has taken place and create an unmanageable, uncontrollable situation for the Bankruptcy Court." As set forth in the Motion, Mr. Bronge does not overcome the "strong presumption" that any appeal of an unstayed confirmation order is equitably moot. *In re RS Old Mill, LLC*, 2020 WL 2306447, at *5 (S.D.N.Y. May 8, 2020); *see also In re Motors*

---

[3] In his Opening Brief, Mr. Bronge asks that (a) the BTC collateral used to secure his four open and active loans in the Borrow Program, amounting to 19.732462692 BTC, be returned to him (after repaying any outstanding obligations), (b) "for any collateral, where a requirement for valuation and/or conversion exists," the Debtors re-calculate such valuation or conversion, and (c) all Earn Accounts be subordinated, "so that any collateral claims will be filled in full before Earn claims," contrary to the Class Claim Settlement. *See* Opening Br., p. 6.

*Liquidation Co.*, 430 B.R. 65 (S.D.N.Y. 2010) (citing *In re Chateaugay Corp. (Chateaugay II)*, 10 F.3d at 952–53) (laying out the five *Chateaugay* factors that must all be shown).  Mr. Bronge only says that the Court "is still able to order effective relief regarding ownership of [his] collateral . . . ."  Bronge Reply, p. 2, ¶ 2(a).  Mr. Bronge, however, fails to explain how relief awarded only to him would not be inequitable with respect to all other similarly situated Retail Borrowers.  The relief Mr. Bronge seeks is impossible at these late stages in the chapter 11 cases.  Mr. Bronge belongs to Class 2 under the Plan, which consists of 8,561 creditors holding $745,727,864.21 in claims, many of whom have already elected to refinance their loans or pursue setoff treatment.  Unwinding all of the Plan transactions already consummated after approximately $2.7 billion[4] in cryptocurrency has already been distributed to provide only Mr. Bronge return of his collateral at the expense of others is simply not possible and would be an inequitable result.

3. Second, Mr. Bronge ignores the fact that subordinating General Earn Claims to Retail Borrower Deposit Claims would require the Post-Effective Date Debtors to complete another Liquidation Analysis to ensure the Plan satisfies the best interests test.  *See* Oct. 4, 2023 Celsius Hearing Tr., p. 162, 17–20 (In his cross-examination of Robert Campagna, restructuring advisor to the Debtors, Mr. Bronge says, "Okay.  So I would like to understand if you have done an analysis on the liquidation considering the Earn interest program as a security," and Mr. Campagna replies, "No, I have not.").  Completing another Liquidation Analysis at this stage would be impossible given that the Post-Effective Date Debtors have already distributed approximately $2.7 billion worth of cryptocurrency to 184,045 creditors.

4. Courts in this circuit and others have held that an appeal "should be dismissed as moot when, even though effective relief could conceivably be fashioned, implementation of that

---

[4] This number is based on conversion rates as of March 4, 2024.

3

relief would be inequitable." *Freeman v. Journal Register Co.*, 452 B.R. 367, 372 (2010). "Equitable mootness is a prudential doctrine that is invoked to avoid disturbing a reorganization plan once implemented." *Id.* (citing *Deutsche Bank AG v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.),* 416 F.3d 136, 144 (2d Cir.2005)); *see also Chateaugay I,* 988 F.2d at 325 ("These principles are especially pertinent in bankruptcy proceedings, where the ability to achieve finality is essential to the fashioning of effective remedies.").

5.  Even a partial reversal of the Confirmation Order at these late stages, when the Plan has been substantially consummated and no stay of the Confirmation Order was sought, would be inequitable to all other Retail Borrowers.  Mr. Bronge also cannot receive different treatment from other members of Class 2 under the Plan without violating the Bankruptcy Code—Section 1123(a)(4) of the Bankruptcy Code requires that all members of the same class receive the same treatment.  The Plan was overwhelmingly accepted by its creditors, with 98.83% of creditors in Class 2 voting to accept the Plan, and Mr. Bronge's interests were represented by the Official Committee of Unsecured Creditors, which supported the Plan.  Certain of the Debtors' unsecured creditors even supported a waiver of the mandatory fourteen-day stay period for appeals.  *See* Celsius Oct. 30, 2023 Hearing Tr., p. 84, 9–11 ("We have to exit as fast as humanly possible, and that is why Your Honor should [waive] the mandatory 14-day stay period for appeals.").  In these complex chapter 11 cases where hundreds of thousands of creditors are involved, achieving finality is essential.

6. Last, Mr. Bronge also argues that he "voted no to the . . . [Class Claim Settlement]." Bronge Reply, p. 2, ¶ 1. This is false as indicted in Item 8 of Mr. Bronge's voting ballot.

| | |
|---|---|
| Submission Date (Pacific Standard Time) | 9/20/2023 10:06:08 AM |
| Schedule F Line | 3.1.269902 |
| Amended Ballot | No |
| Reference Code | CELB-67317 |
| Contact Info - Name | JOHAN HENRIK BRONGE |
| Email | |
| USD Amount - Retail Borrower Post Claim | $210,301.12 |
| USD Amount - General Earn Claims | $33,748.36 |
| USD Amount - Withhold Claims | |
| USD Amount - Convenience Total Claims | |
| Item 9 - Class 2457 Vote | Reject |
| USD Amount - General Custody Claims | |
| Item 9 - Class 6A Vote | |
| Item 5 - Accepts The Convenience Claim Election | No |
| Item 8 - Elect To Opt Out Class Claim Settlement | No |
| Item 10 - Elect To Opt Out Third Party Release | Yes |
| Item 11 - Elect To Contributed Claims To Litigation Admin | Yes |
| Item 12 - Interest In Setting Off A Portion of App Holder Claim | No |
| Item 6 - Accepts The Liquid Cryptocurrency Weighted Distribution Election | No |
| Accepts The New Co Common Stock Weighted Distribution Election | No |
| Is Class 2 | Yes |
| Is Class 4 | No |
| Is Class 5 | Yes |
| Is Class 6A | No |
| Is Class 7 | No |
| Has Preference Exposure | Yes |
| Preference Amount | $41.61 |

7. As set forth in the Motion, courts in this Circuit have held that where "none of the completed transactions can be undone without violence to the overall arrangements," the appeal is equitably moot. *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 145 (2d Cir. 2005). To allow Mr. Bronge to now unsettle the Class Claim Settlement to which he is bound would undermine the agreement and would be an inequitable result when compared to other Retail Borrowers.

8. For the reasons set forth herein and the Motion, the Court should grant the relief requested in the Motion and dismiss this Appeal.

| | |
|---|---|
| New York, New York<br>Dated: March 4, 2024 | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:   (212) 446-4900<br>Email:         joshua.sussberg@kirkland.com<br><br> - and -<br><br>Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)<br>Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)<br>Christopher S. Koenig<br>Dan Latona (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:   (312) 862-2200<br>Email:         patrick.nash@kirkland.com<br>                   ross.kwasteniet@kirkland.com<br>                   chris.koenig@kirkland.com<br>                   dan.latona@kirkland.com<br><br>*Counsel to the Post-Effective Date Debtors* |