Johan Bronge

Pro Se

05 February 2024

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
| --- | --- |
| CELSIUS NETWORK LLC, et al. | Case No. 22-10964 (MG) |
|  | (Jointly Administered) |
| Debtors. | Appeal |
|  | Case No. 23-cv-10638 |

**APPELLANT'S REPLY TO** POST-EFFECTIVE DATE DEBTORS' REPLY IN SUPPORT OF POST-EFFECTIVE DATE DEBTORS' MOTION TO DISMISS AND RESPONSE BRIEF TO JOHAN BRONGE'S APPEAL OF THE CONFIRMATION ORDER

Your Honor,

I, Johan Bronge, the appellant and pro se creditor in the above-mentioned case, hereby submit this reply to POST-EFFECTIVE DATE DEBTORS' REPLY IN SUPPORT OF POST-EFFECTIVE DATE DEBTORS' MOTION TO DISMISS in the case 23-cv-10638.

**I. Introduction**

The post-effective date Debtor has filed another response to my Opening Brief. I will address this response now.

## II. The integrity of the vote

I reiterate that I did not vote yes to the Class Settlement. Please be aware that the voting process did not produce any receipt on the voting, specifying how one voted. Considering I voted no to the plan and also objected to the treatment of collateral in the plan, it is inconceivable that I would have accepted the Class settlement as this is specifically what I did not agree to.

I would in this respect emphasize that many creditors have objected to how they have been classified in regards to the convenience class. This shows that there is doubt in the integrity of the voting process. Additionally, the Debtor counsel has in my view, as I have pointed out in my filings, previously shown questionable ethical and moral standards in regard to how they adhere to terminology, reference and interpret agreements. I have therefore no reason to trust their representations in regards to the voting.

I was singled out by the Bankruptcy Court and only my collateral under version 7 of Loan Agreement was determined property of the Debtor's estate as pointed out in my previous reply. The Bankruptcy Court has not properly considered the other three loans of mine that were governed by Loan Agreement 9. For some reason there is no determination of ownership regarding these loans.

Your Honor, it is obvious that the Bankruptcy Court has, at all costs, avoided to properly address the legal title ownership of collateral in this case in order to allow the Debtor to move ahead with it's questionable plan. Only in regards to one of my loans have the Bankruptcy Court made a judgment. For the same reason it should therefore be acceptable for the Appeal Court to make a judgment regarding only my loans as well.

Additionally, the post date Debtor claim that 8561 creditors would be affected is doubtful. If my treatment will affect other similarly positioned creditors, it is obvious that it will only be those governed by the same versions of agreements and that also voted no to the plan. If the post date Debtor's figures are to be trusted, this would be a fraction of the 1.17% who did not vote yes to the plan, so probably almost insignificant. I would assume it is possible to easily address this without having to rewind any transactions already performed.

## III. Conclusion

Your Honor, throughout these Chapter 11 cases the pro se creditors have been disadvantaged. This has been done by ignoring some of the filed motions, limiting time in hearings to much less than the Debtor counsel's time, not allowing rebuttals, not explaining or indicating procedural requirements and ignoring presented evidence. In addition, the voting procedure was complicated and the voting form unclear without giving a voting receipt showing how one actually ended up voting. Taking all this together, I think it is obvious that the post date Debtor, it's counsel and the Bankruptcy Court have avoided justice and instead focused on expedience, disregarding agreements and the rights of creditors. They have also used procedural issues in order to reach an outcome favored by the Debtor and it's counsel. In my view this is nothing but legalized theft (as I write this my collateral is worth 3 times more than the Debtor assigned dollar value) and I plead that Your Honor will restore proper justice. I firmly believe the justice system is the bedrock of a fair and equitable society and it is therefore of utmost importance that this case is judged on it's merits and not on procedural issues and technicalities. Property rights are fundamental and should be upheld.

Respectfully

Johan Bronge

*Pro se creditor*

Saba Tower 3, JLT, P.O box 449589
Dubai, UAE
Phone +13104093381